UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA                                   1:08- CR.- 35

                         Plaintiff

-against-


JERRY L. BROOKS,

                         Defendant

-------------------------------------X


### DEFENDANT JERRY L. BROOKS' MOTION TO DISMISS

The Defendant Jerry L. Brooks, by the undersigned, his attorney, moves that the indictment be dismissed on the following grounds:

1) That the indictment was not found within five years after the alleged offense was committed.
2) The indictment does not state facts sufficient to constitute an offense against the United States.
3) The indictment for the alleged offense was not contractually required.
4) All counts of the indictment should be dismissed pursuant to Federal Rules of Criminal Procedure 12 (b) (2)

I

STATEMENT OF FACTS

The Defendant was indicted on January 7, 2008 on 11 counts of making false representations in violation of Title 18, U.S.C. 1001(a)(2), 2 and 3551 et seq. The aforementioned crimes are alleged to have occurred on March 22, 2002.(See Exhibit "A") At all relevant times to the indictment, the Defendant was the President of ESU, Inc., a government

contractor, who provided armed and unarmed security guards for several federal office buildings in Suffolk and Nassau Counties, Long Island, New York.

The contract between ESU, Inc. and the General Services Administration (hereinafter referred to as "GSA") required that the security guards employed by ESU, Inc. have 20 hours of training from GSA and 83 hours of training from ESU, Inc. prior to each guard being approved by GSA to work under the contract. (See Exhibit "B", pp.I-C-26, paragraph 11A and pp.I-C-32 and 33). The contract required the contractor to certify on a form provided by GSA that each employee had completed the 83 hour training. The Defendant signed said form for each of the eleven named employees in the indictment on March 22, 2002 certifying that each employee had obtained the 83 hour training. Each guard could use successful examination results from another federal security contractor to comply with the requirements for employment with ESU, Inc.[See Exhibit "B", p. I-C-28, paragraph (4)]

The 83 hours of contractor training was on subjects covered in the GSA provided textbook titled "Contract Guard Information Manual. (See Exhibit "B", p. I-C-28, paragraph 3.) The 83 hours of contractor training became non-required independent training upon the submission of the alternative training plan and acceptance by the contracting officer. The contract allowed ESU, Inc. to submit to the contracting officer an alternative training plan and schedule for 26 hours of required training accepted and approved by the contracting officer. (See Exhibit "C", p. 3, Government Contract Experts Report, paragraph E.)

ESU, Inc. commenced working on the contract on February 1, 2000. ESU, Inc. inherited security guards from the previous contractor. GSA approved each of the security guards to commence work without receiving any hours of training. (See Exhibit "C", p. 3, Government

Contract Experts Report, paragraph F.)

The indictment in the instant case was returned and filed by the grand jury on January 7, 2008.

## II.

## ARGUMENT AND CITATION OF AUTHORITY

### Statute of Limitations

The indictment alleges that Defendant Brooks on March 22, 2002 made false statements and representations to GSA in violation of 18 U.S.C. 1001(a)(2) and 2. The statute of limitations for this offense is five (5) years pursuant to 18 U.S.C. 3282(a). The indictment was returned by the grand jury and filed on January 7, 2008.

The statute of limitation on a substantive offenses begins to run on the date of the alleged offense. **US v. Sloan**, 389 F. Supp 526 (DC NY 1975) As it is explicitly stated under 18 U.S.C.A 3282 (a) "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed". Statute of limitations is designed to protect individuals from having to defend themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in the far distant past. 18 U.S.C.A. § 3282. In the instant case, the statute of limitations started to run on March 22, 2002 and ended on March 21, 2007. The indictment was initially returned by the grand jury on March 22, 2007 but was subsequently dismissed for improper venue and filed one day after the statute of limitation expired. The government has again reindicted the defendant on January 7, 2008 but is still time barred by the Statute of Limitations to reindict presently as it was on the prior indictment that was filed one

day late on March 22, 2007. The law requires this Court to DISMISS this action against Defendant Brooks.

### III.

### ARGUMENT AND CITATION OF AUTHORITY

Failure to State an Offense

The indictment alleges that Defendant Brooks

> ...unlawfully, willfully, and knowingly made **materially** false, fictitious and fraudulent statements and representations, to wit: Brooks falsely stated to the GSA in reports set forth below that the security officers had received specific, contractually-required training when, in fact, Brooks was aware that the security guards had not received the reported training.

ESU, Inc. was awarded the contract on August 3, 1999 and was given the notice to letter dated December 8, 1999. (See Exhibit "D) ESU, Inc.'s contract covered providing security officers for several federal office buildings. ESU, Inc. was required by the GSA contracting officer to employ the security officers of the previous contractor. The contract required GSA to provide each security officer 20 hours of training before the security officer could be employed under the contract. ESU, Inc. was only required by the contract to provide each security officer 26 hours of training in accordance with the training plan and schedule approved by the GSA.

GSA did not provide their 20 hours of required training as stated in the contract at the commencement of the contract. GSA did not require ESU, Inc. to provide their 83 hours of required training as stated in the contract at the commencement of the contract. In other words, the 83 hours of training was not **material** to the commencement of, or the entire contract.

The contract required each security officer to be tested on the subject matters of the 83

hour contractor training. The examination was written by and administered by GSA. (See Exhibit "B", p. I-C-27, paragraph C). Each of the 11 security officers listed on the indictment had passed the required examination prior to **March 22, 2002.** In fact most of the officers had passed the examination over 6 months prior March 22, 2002.

All of the 11 security officers were pre-cleared by GSA to work for ESU, Inc. prior to GSA or ESU, Inc. providing the security officers any of the training required by the contract. GSA's approval of these security officers to commence work without the 20 hours of GSA training and the 83 hours of contractor training evidences the lack of materiality of the training.

18 U.S.C. 1001(a)(2) requires that the alleged false statement be **materially** false. The issue of whether the statement is materially false is a question of law to be decided by the Court. **United States v. Bernard,** 384 F2d 915 (1967 CA2 NY) United States v. Marchisio, 344 F.2d 653, 665 (2 Cir. 1965); United States v. Ivey, 322 F.2d 523, 529 (4 Cir.), cert. denied, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963). In the instant case, the indictment is founded upon 11 documents signed by Defendant Brooks that stated 11 of ESU, Inc. security officers had received the 83 hours of training on the subject matters covered on the GSA administered security guard examination.

Each of the 11 officers had passed the examination prior to the March 22, 2002 document being signed by Defendant Brooks. The security officers' passing of the examination showed their proficiency in the matters covered by the independent training at the time of the signing of the March 22, 2002 document. The passing of the examination showed that the security officers had been properly trained in the subject matters of the 83 hour training. Therefore, the 11 documents signed by Defendant Brooks was not **material** to the contract as a matter of law.

There could not have been any intent to deceive or defraud GSA because each security officer had already shown his proficiency in the materials through non required independent training.

IV.

ARGUMENT AND CITATION OF AUTHORITY

Indictment should be dismissed pursuant to Federal Rules of Criminal Procedure 12 (b) (2)

To convict the defendant of violating 18 U.S.C. § 1001(a)(2), the Government must prove beyond a reasonable doubt each of the following five elements:

(1) that the defendant made a statement;

(2) that the statement was false and the defendant knew it was false;

(3) that the statement was made knowingly and willfully;

(4) that the statement was made within the jurisdiction of a federal agency; and

(5) the statement was material.

However, it is a defense to a charge of making a false statement in violation of 18 U.S.C. § 1001(a)(2) that the statement in question was "literally true." This is commonly referred to as the "*Bronston*" defense. *Bronston v. United States, 409 U.S. 352* (1973)

The purpose of the *Bronston* rule is to place the burden on the examiner to probe for details during the examination. The rule prevents an examiner from resolving ambiguities in the elicited testimony with a perjury prosecution after the fact. United States v. *Schafrick*, 871 F.2d 300, 303 (2d Cir.1989). While Bronston involved a perjury prosecution, it is well settled that the "literal truth" defense is also applicable to false statement prosecutions under U.S. vs. *Schafrick*. *United States vs. Mandanici*, 729 F.2d 914, 921 (2nd Cir. 1984). As to the *Bronston* defense, it applies either (1) where a defendant made a statement in response to a question that was ambiguous, or capable of being understood in more than one way, and the answer given by the defendant to one reasonable interpretation of the ambiguous question was not false; or (2) where a defendant made a statement in response to a question that was clear and unambiguous, but the answer to the clear question was ambiguous and capable of being understood in more than one way, and one reasonable interpretation of the answer given by the defendant was not false. As long as a statement or an answer to a question, or a reasonable interpretation of both statements and answers, is literally or technically true, the crime of making a false statement in violation of 18 U.S.C. § 1001 has not been committed. In examining the statement alleged to be false, the context in which the statement was purportedly made must be considered. Any words used

should be given their normal and customary meaning unless the context in which the words were used clearly shows that both the agent for the government and the defendant mutually understood that some other meaning was to be given to a word or words. If the statement in question was literally or technically true, then any intent on the part of the defendant to be ambiguous, to confuse, to evade, or even to mislead, is irrelevant and the defendant cannot be found guilty of violating 18 U.S.C. § 1001. Federal Jury Practice and Instructions § 50.12.

Here, the defendant moves to dismiss all eleven counts of the subject indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2), which states, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The defenses and objections, covered by Rule 12(b)(2), which the defendant at his option may raise by motion before trial, include:

All defenses and objections which are capable of determination without a trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, *etc.* Such matters have been heretofore raised by demurrers, special pleas in bar and motions to quash.

Advisory Committee Notes to Federal Rules of Criminal Procedure, Rule 12, Note # 2. As the district court in *United States v. Cassese*, 273 F.Supp.2d 481 (S.D.N.Y.2003), explained with respect to a 12(b)(2) application:

Federal Rule of Criminal Procedure 12(b)(2) permits pre-trial consideration of any defense "that the court can determine without a trial of the general issue." In the instant case, the defendant knew to his understanding and knowledge that the statements he made were in fact "literally true" pursuant to the aforementioned exhibits B, C, & D. The *Bronston* defense necessarily involves factual issues, since a condition precedent to its consideration requires that some evidentiary foundation, however tenuous, be established at trial. *United States v. Paul*, 110 F.3d 869, 871 (2d Cir.1997); *United States v. Kwong*, 69 F.3d 663, 667 (2d Cir.1995); *United States v. Bryser*, 954 F.2d 79, 87 (2d Cir.1992). That is, the *Bronston* defense would come into play only if some evidence is introduced at trial that the *alleged* false statements of the defendant as referred to in the indictment, was made in response to a question that was ambiguous, or capable of being understood in more than one way, and that the alleged false statement was, in fact, literally true. *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir.1986). Of course, any issue as to whether the question eliciting the alleged false statement was ambiguous, or capable of being understood in more than one way, resulting from the inability of law enforcement witnesses to recall exactly what was said, would have to be resolved against the Government. This is so because *Bronston* provides a "defense," which, once raised, must be disproven by the Government beyond a reasonable doubt. *United States v. West*, 666 F.2d 16, 18 (2d Cir.1981); *United States v. Mitchell*, 725 F.2d 832, 833 (2d Cir.1983); *United States v. Thomas*, 34 F.3d 44, 47 (2d Cir.1994).

In accordance with all of the grounds for the Motion to Dismiss given forthwith, the law requires this Court to DISMISS this action against Defendant Brooks.

This 1st day of May, 2008.

_____
Richard D. Borzouye, Esq. (07-189943)
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 938-1200
Fax (212) 768-2766
Email: Attorneyborzouye@gmail.com