```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
        -v.-                       :    08 Cr. 35 (RWS)
                                   :
JERRY BROOKS,                      :
                                   :
        Defendant.                 :
                                   :
- - - - - - - - - - - - - - - - - -x
```

**GOVERNMENT'S REQUESTS TO CHARGE**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
 of America

Pablo Quiñones
Daniel Stein
Assistant United States Attorneys
        - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
         -v.-                      :    08 Cr. 35 (RWS)
                                   :
JERRY BROOKS,                      :
                                   :
         Defendant.                :
                                   :
- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S REQUESTS TO CHARGE

The Government respectfully requests that the Court include the following in its instructions to the Jury, pursuant to Rule 30 of the Federal Rules of Criminal Procedure.

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury.

b. Indictment Not Evidence.

c. Statements of Court and Counsel Not Evidence.

d. Burden of Proof and Presumption of Innocence.

e. Reasonable Doubt.

f. Government Treated Like Any Other Party.

g. Definitions, Explanations and Examples of Direct and Circumstantial Evidence.

h. Credibility of Witnesses.

i. Right to See Exhibits and Have Testimony Read During Deliberations.

j. Sympathy: Oath Of Jurors.

k. Punishment Is Not To Be Considered By The Jury.

l. Verdict Of Guilt Or Innocence Must Be Unanimous.

REQUEST NO. 2

Summary of the Indictment

JERRY BROOKS, the defendant, is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains eleven counts. Each count charges the defendant with a separate instance of making a false statement within the jurisdiction of the executive branch of the government of the United States, in violation of Title 18, United States Code, Section 1001. I will first summarize these charges. Then I will explain in detail the elements of the statute that the defendant is alleged to have violated. Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.

Each of Counts One through Eleven of the Indictment charges the defendant, JERRY BROOKS, with making a material false statement to the General Services Administration("GSA"). Specifically, each count alleges that on or about March 22, 2002, the defendant submitted a form to GSA claiming that a particular security guard had received certain specific training on certain specific dates when, in fact – it is alleged – the defendant knew that the security guard had not received that training on those dates. Each of the eleven counts relates to a different security guard.

Each of these 11 counts alleges that the defendant violated the same statute, Title 18, United States Code, Section 1001.  I will now describe that statute and the elements of a violation of that statute.

<u>REQUEST NO. 3</u>

<u>False Statements Within the</u>
<u>Jurisdiction of the Federal Government</u>

JERRY BROOKS is alleged to have committed 11 separate

violations of Title 18, United States Code, Section 1001.  That

statute provides, in relevant part, as follows:

> [W]hoever, in any matter within the
> jurisdiction of the executive ... branch of
> the Government of the United States,
> knowingly and willfully –
>
> ...
>
> makes any materially false, fictitious, or
> fraudulent statement or representation; or
>
> makes or uses any false writing or document
> knowing the same to contain any materially
> false, fictitious, or fraudulent statement
> or entry;

is guilty of a crime.

REQUEST NO. 4

Purpose of the Statute

The purpose of section 1001 is to protect the authorized functions of the various Government departments from any type of misleading or deceptive practice and from the adverse consequences that might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the Government to prove certain essential elements -- which I will soon describe for you -- beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the Government to prove that the government agency was, in fact, misled as a result of the defendant's action.  It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred.  These circumstances would not excuse or justify the making of a false, fictitious or fraudulent statement, writing or document about a matter within the jurisdiction of the government of the United States.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-2.

REQUEST NO. 5

Elements of the Offense

With respect to each individual count in the Indictment, in order to find the defendant guilty of violating Section 1001 of Title 18, you must find that the Government has proved each of five elements beyond a reasonable doubt.  The elements are:

First:  On or about the date specified in the count you are considering, the defendant made a statement or representation or made a writing or document.

Second:  That the statement or representation was false, fictitious, or fraudulent, or that the writing or document contained a false, fictitious or fraudulent statement or entry;

Third:  That the statement, representation or document entry in the count you are considering was material;

Fourth:  that the defendant acted knowingly and wilfully;

Fifth:  that the false, fictitious or fraudulent statement, representation or entry was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 36-9 and 36-15.

<u>REQUEST NO. 6</u>

<u>First Element:  Statement, Representation or Entry</u>

The first element that the Government must prove beyond a reasonable doubt for each count is that the defendant made a statement, representation, writing or document. Under this statute, there is no distinction between written and oral statements.

Adapted from Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instruction 36-10 and 36-16.

<u>REQUEST NO. 7</u>

<u>Second Element: False, Fictitious or
Fraudulent Statement Writing, or Document</u>

The second element that the Government must prove

beyond a reasonable doubt is that the statement, representation

writing or document was false, fictitious or fraudulent.  A

statement, representation, writing or document is "false" or

"fictitious" if it was untrue when made, and known at the time

to be untrue by the person making it or causing it to be made.

A statement, representation, writing or document is "fraudulent"

if it was untrue when made and was made or caused to be made

with the intent to deceive the government agency to which it was

submitted.

Adapted from Sand <u>et al</u>., <u>Modern Federal
Jury Instructions</u>, Instruction 36-12 and 36-
17.

<u>REQUEST NO. 8</u>

<u>Third Element:  Materiality</u>

The third element the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it could have influenced the Government's decisions or activities.  Put another way, if the false statement or representation had a natural tendency to influence or was capable of influencing the actions or decisions of the federal Government, then the false statement or representation was material.  However, proof of actual reliance on the statement by the Government is not required.

> Adapted from Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instruction 36-11 and 36-18.  <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Ballistrea</u>, 101 F.3d 827 (2d Cir. 1996), <u>cert</u>. <u>denied</u>, 520 U.S. 1150 (1997); <u>United</u> <u>States</u> v. <u>Whab</u>, 355 F.3d 155 (2d Cir.), <u>cert</u>. <u>denied</u>, 541 U.S. 1004 (2004).

REQUEST NO. 9

Fourth Element: Knowing and Willful Conduct

The fourth element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally. An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

The defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

Your decision whether the defendant acted knowingly and willfully in making any statements you find to be false involves a decision about the defendant's state of mind at the time the statements were made. It is obviously impossible to ascertain or prove directly what the operation of the defendant's mind was. You cannot look into a person's mind to see what his state of mind is or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer with a reasonable degree of accuracy what the defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

Proof of the circumstances surrounding the defendant's actions can supply an adequate basis for a finding that the defendant acted knowingly and willfully. The actions of an individual must be set in their time and place. The meaning of a particular act may depend on the circumstances surrounding it. Thus, you may consider evidence which you recall and believe about the defendant's actual knowledge of certain facts and occurrences; the extent to which statements were made to conceal facts or events; and, in general, the manner in which certain actions were undertaken by the defendant.

You may consider whether the defendant had a motive to lie or to conceal the facts. The Government is not required to prove the existence of such a motive, let alone exactly what the motive was. The Government's failure to prove a motive does not establish lack of guilt. But if you do find evidence of a motive, that may help you decide what the defendant's state of mind was. Therefore, you should ask yourselves whether the defendant stood to gain any personal benefit from concealing the

truth, or whether he stood to avoid any personal liability.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 36-13 and 36-19.  Adapted from L. Sand, et al. Modern Federal Jury Instructions, Instr. 48-12 (2003); United States v. Simon, 425 F.2d 796 (2d Cir. 1969).

REQUEST NO. 10

Fifth Element: Matter Within the
Jurisdiction of the United States Government

The final element that the Government must prove
beyond a reasonable doubt before you may convict the defendant
on any of the charges in the Indictment is that the particular
false statement, representation or document entry that you are
considering was made in connection with a matter within the
jurisdiction of the executive branch of the Government of the
United States.  I instruct you that the General Services
Administration – also called "GSA" – is an agency of the
executive branch of the United States Government.

There is no requirement that the statement,
representation, or document entry be actually directed to or
given to the General Services Administration, or even to anyone
employed by the federal government.  All that is necessary is
that you find that it was contemplated that the document was to
be utilized in a matter which was within the jurisdiction of the
government of the United States.  To be within the jurisdiction
of a department or agency of the United States government means
that the statement or entry must concern an authorized function
of that department or agency.

In this regard, it is not necessary for the government
to prove that the defendant had actual knowledge that the false

statement, representation or document entry was to be utilized
in a matter which was within the jurisdiction of the government
of the United States.  It is sufficient to satisfy this element
if you find that the false statement was made with regard to a
matter within the jurisdiction of the government of the United
States.

> Adapted from Sand et al., Modern Federal
> Jury Instructions, Instruction 36-14; see
> also United States v. Yermian, 468 U.S. 63,
> 75 (1984)("proof of actual knowledge of
> federal agency jurisdiction is not required
> under § 1001"); United States v. Bakhtiari,
> 913 F.2d 1053, 1060 (2d Cir. 1990), cert.
> denied, 499 U.S. 924 (1991).

REQUEST NO. 11

Venue

In addition to the elements that I have described, you must also decide, with respect to each Count of the Indictment that you are considering, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York, which includes Manhattan.  This is the venue requirement. On this issue, the Government need not prove that the crime charged was committed in the Southern District of New York or that the defendant was even physically present here.  The Government may satisfy the venue requirement by proving that the defendant intentionally or knowingly caused an act in furtherance of the charged offense to occur in this District or by proving that it was foreseeable to the defendant that such an act would occur in this District.  Such an act would include, for example, a false statement being propelled or sent to this District if it was done by, or foreseeable to, the defendant.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Preponderance of the evidence simply means to prove that something is more likely so than not so.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes

charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant on the count you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud); the charge of the Honorable Richard M. Berman in United States v. Svoboda, aff'd, 347 F.3d 417, 484-85 (2d Cir. 2003); and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.
>
> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including possession with intent to distribute controlled substances).  See United States v. Svoboda, 347 F.3d 471, 483-84 (2d Cir. 2003) (affirming venue in securities fraud case in which venue was based on finding that defendant, a "savvy investor," could reasonably foresee that his trades would be executed on the New York Stock Exchange or the American Stock Exchange in Manhattan); cf. United States v. Reed, 773 F.2d 477, 481 (2d Cir. 1985) (stating, in perjury prosecution, that "[w]here essential elements of a crime are related to the integrity of the proceedings of judicial tribunals in districts other than where the acts took place, . . . those tribunals should not be left to the generosity of prosecutors or judges in other districts to defend their powers."); see also United States v. Carey, 152 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2001) (although false statements were made in District of Columbia, venue was proper in Southern District of New York because false statements were made to officials appointed pursuant to a consent decree over which judge in Southern District had exclusive jurisdiction, and defendant

"knew, or reasonably shown have known, that his false statements would be 'propelled' to and acted upon in this district.'" (citing United States v. Kim, 246 F.3d 186, 193 (2d Cir. 2001)).

See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

REQUEST NO. 12

Dates and Times

With respect to the dates and times charged in the Indictment, I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or time but the testimony indicates that in fact it was a different date or time.  The law requires only a substantial similarity between the dates and times alleged in the Indictment and the dates and times established by the evidence.

Adapted from the charges of Judge Owen in United States v. Quattrone, 03 Cr. 582 (RO) on October 15, 2003, Judge Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y 1991), Judge Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd, 990 F.2d 622 (2d Cir. 1993), Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974).

REQUEST NO. 13

Persons Not on Trial

You may not draw any inference, favorable or unfavorable,

towards the Government or the defendant from the fact that any

other person is not on trial before you.  That matter is wholly

outside your concern and has no bearing on your functions as

jurors.

　　　　　Adapted from Sand et al., Modern Federal
　　　　　Jury Instructions, Instruction 3-4.

<u>REQUEST NO. 14</u>

<u>Defendant's Right Not To Testify</u>
[If Applicable and Requested]

The Defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>,
Instruction 5-21.

REQUEST NO. 15

Character Witnesses
[If Applicable]

During the course of this trial, there has been testimony that JERRY BROOKS, the defendant, has a reputation for honesty and integrity in his community.  [If applicable:  There has also been testimony to the contrary.]  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant. [If applicable:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or innocence of the defendant is for you alone to determine, and that should be

based on all the evidence you have heard in the case.

> Adapted from Sand et al., Modern Federal
> Jury Instructions, Instruction 5-15; and
> from the charge in United States v. Pujana-
> Mena, 949 F.2d 24, 27-31 (2d Cir. 1991)
> (defendant is not entitled to a charge that
> character evidence "standing alone" is
> enough for acquittal).

<u>REQUEST NO. 16</u>

<u>Expert Testimony</u>
[If applicable]

You have heard testimony from [an] expert witness[es]. An expert is allowed to express opinions on those matters about which he has special training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications and you should evaluate the reasons given by the expert for the opinions expressed.  You may also take into account the other general considerations on witness credibility that I have discussed with you.  You may give the expert testimony whatever weight you find it deserves in light of all the evidence in the case.

The charge of the Honorable Miriam Goldman Cedarbaum in <u>United States</u> v. <u>Rabi</u>, 03 Cr. 082 (MGC) given on October 9, 2003.

<u>REQUEST NO. 17</u>

<u>Use of Charts</u>
[If Applicable]

You are entitled to consider charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

The charts and summaries you have seen are no better than the testimony or documents upon which they are based.  It is for you to decide whether the charts and summaries correctly present the evidence contained in the testimony and documents upon which they are based.

The charge of the Honorable Miriam Goldman Cedarbaum in <u>United States</u> v. <u>Rabi</u>, 03 Cr. 082 (MGC) given on October 9, 2003.

REQUEST NO. 18

Stipulations
[If applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, No. 91 Cr. 403 (S.D.N.Y. 1992), and from Sand et al, Modern Federal Jury Instructions, Instructions 5-6, 5-7.

REQUEST NO. 19

Law Enforcement Witnesses
[If applicable]

You have heard the testimony of a number of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

In this context, defense counsel are allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-16.

REQUEST NO. 20

Testimony of Witnesses
(Including If Defendant Testifies)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

[If applicable: You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.]

United States v. Brutus, 505 F.3d 80, 88 (2d Cir. 2007)

REQUEST NO. 21

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view toward reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and apply your own common sense, you will reach a fair verdict. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

> Adapted from the charge of Judge Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973).

Dated:   New York, New York
         May 12, 2008

                          Respectfully Submitted,

                          MICHAEL J. GARCIA
                          United States Attorney


                  By:  s/ Pablo Quiñones_____
                          PABLO QUIÑONES
                          DANIEL STEIN
                          Assistant United States Attorneys
                          Tel. No.: (212) 637-2487/2407