

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 12, 2008

BY FACSIMILE AND ECF

The Honorable Robert W. Sweet
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Jerry Brooks**
              **08 Cr. 35 (RWS)**

Dear Judge Sweet:

      The Government respectfully submits this response to the defendant's motion to dismiss. For the reasons that follow, the motion should be denied in all respects.

**Argument**

      The defendant has been charged with 11 counts of making a false statement within the jurisdiction of the executive branch of the United States, in violation of Title 18, United States Code, Section 1001. He has moved to dismiss all 11 counts.

      Identifying the purported grounds for the defendant's motion requires close inspection. Although the defendant provides an introductory summary of the grounds for the motion on the first page of the motion, (Mot. to Dismiss at 1), that summary bears little resemblance to the contents of the motion itself. The defendant claims that he moves on four specified grounds, but only the first purported ground – based on the statute of limitations – is actually developed in the body of the motion. The other purported grounds are never explained. For example, the third ground asserted by the defendant is that the "indictment for the alleged offense was not contractually required." (*Id.*) Read literally, this sentence makes little sense, as it is obvious that the Government was under no contractual obligation to indict the defendant. But if there is some other meaning to this purported ground for dismissal, the defendant never develops it.

The Honorable Robert W. Sweet                                                   Page 2
May 12, 2008

      Looking past the defendant's introduction, however, it appears from the body of his motion that he moves to dismiss on only three specific grounds. First, he asserts that the prosecution is barred by the applicable statute of limitations. (*Id.* at 3-4). Second, he argues that the charged statements, even if false, were not material, and that materiality is an issue that can be resolved by the Court on a motion to dismiss. (*Id.* at 4-6). Third, the defendant argues that his statements were "literally true," and, implicitly, he asserts that the Court and not a jury should decide that this is correct. (*Id.* at 6-7). The defendant is wrong in all respects.

## I.    The Statute Of Limitations Does Not Bar This Prosecution.

      According to the Indictment, the defendant made the 11 false statements at issue in this case on March 22, 2002. (Ind. at ¶ 7). Thereafter, on March 22, 2007, a grand jury in the Eastern District of New York handed down an indictment charging the defendant with 11 counts of violating Title 18, United States Code, Section 1001. (*See* E.D.N.Y. Docket Sheet, Document # 14 (Ex. A, hereto)). On August 2, 2007, the district judge to whom that case was assigned dismissed that indictment on the ground that venue did not lie in the Eastern District of New York. (*See* E.D.N.Y. Docket Sheet, Document # 30).

      The statute of limitations applicable to the charges brought against the defendant provides that an indictment generally must be brought "within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). However, Section 3288 of Title 18, United States Code, provides, in pertinent part, that "[w]henever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information." 18 U.S.C. § 3288. Thus, although more than five years had elapsed between the charged conduct and the dismissal of the indictment in the Eastern District of New York on August 2, 2007, the Government was afforded six months within which to bring a new indictment in a district where venue was appropriate. This the Government did, bringing an Indictment in the Southern District of New York on January 7, 2008.

      The defendant does not assert that the Government brought this second indictment outside of the six-month period provided by Section 3288. Rather, he asserts that the initial indictment was brought outside of the five-year period permitted by Section 3282(a). Specifically, he asserts that "the statute of limitations started to run on March 22, 2002 and ended on March 21, 2007," making the March 22, 2007 indictment in the Eastern District of New York untimely. (Mot. to Dismiss at 3).

      The defendant misapprehends when the limitations period began and, as a result, he misapprehends when it ended. The defendant asserts that "the statute of limitation started to run on March 22, 2002." (*Id.*) In other words, the defendant asserts that it started to run on the day of the event giving rise to the charge. (*See* Ind. at ¶ 7 (alleging false statements occurred on March 22, 2002)). The defendant is wrong. "The long-established general rule is that a statute of limitations begins to run on the day *following* the day on which the event giving rise to the cause of action occurred." *United States* v. *Guerro*, 694 F.2d 898, 901 (2d Cir. 1982) (emphasis added)

The Honorable Robert W. Sweet                                          Page 3
May 12, 2008

(citing *Burnet* v. *Willingham Loan & Trust Co.*, 282 U.S. 437, 439 (1931)).  "This principle has been applied in criminal as well as civil cases.  The general rule is that the day of the offense or act is excluded and the day on which the indictment is filed is included."  *Id.* at 901-902.

          Thus, the limitations period began to run on March 23, 2002, not March 22, 2002 – namely, the day after the false statements were made, not the day on which they were made.  And, as a result, the limitations period ended on March 22, 2007, not March 21, 2007.  Since the indictment was brought on March 22, 2007 – five years to the day after the date on which the conduct occurred – the indictment was within the limitations period.  *See, e.g.*, *United States* v. *Nappy*, 1995 WL 702363, *2 (S.D.N.Y. 1995) ("[I]f the mailing occurred on September 21, 1989, the five year period is counted from September 22, 1989, and the indictment, returned on September 21, 1994, was returned within the limitation period."); *United States* v. *Butler*, 792 F.2d 1528, 1532 (11th Cir. 1986) ("Because we find that the conspiracy in this case ended on July 12, 1979, we conclude that the indictment filed on July 12, 1984, was timely.")

          Accordingly, this prosecution is not time-barred and the defendant's argument to the contrary must be rejected.

## II.     Materiality Is An Issue To Be Decided By A Jury At Trial.

          The defendant asserts that the Indictment should be dismissed because "the 11 documents signed by Defendant Brooks was [sic] not **material**."  (Mot. to Dismiss at 5 (emphasis in original)).  Citing cases from 1967, 1965, and 1963, the defendant asserts that the "issue of whether the statement is materially false is a question of law to be decided by the Court."  (Mot. to Dismiss at 5).

          The defendant is relying on overturned law.  At one time, the law in the Second Circuit was that "[m]ateriality of a false statement . . . [was] a question of law for the district court to decide, not a question of fact for a jury."  *United States* v. *Gribben*, 984 F.2d 47, 50 (2d Cir. 1993).  In *United States* v. *Gaudin*, 515 U.S. 506 (1995), however, the Supreme Court squarely confronted the issue, noting that regardless of what other courts may have concluded in the past, *id.* at 515-519 (describing history), materiality in a Section 1001 case is an issue to be decided by a jury, not by a judge, *id.* at 522-523.  The Second Circuit quickly noted this unanimous holding of the Supreme Court "that the element of materiality under § 1001 must be determined by the jury and not the court."  *United States* v. *Ali*, 68 F.3d 1468, 1474 (2d Cir. 1996).  Accordingly, the Second Circuit "overruled [its] precedents" and announced that "the law in this Circuit now requires that for a conviction under § 1001 to be sustained, the jury must have made a finding of materiality beyond a reasonable doubt."  *United States* v. *Mandanici*, 205 F.3d 519, 523 (2d Cir. 2000).

          Because the materiality of the alleged false statements is an issue for the jury, the defendant may not obtain dismissal of the Indictment before trial simply by challenging the Government's ability to prove this element.  A legally sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial."  *United States* v. *Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) (holding that district court erred in

The Honorable Robert W. Sweet                                              Page 4
May 12, 2008

dismissing indictment based on sufficiency of the evidence); *see also, e.g., United States* v. *Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992) ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence."); *United States* v. *Pisani*, 590 F. Supp. 1326, 1333 (S.D.N.Y. 1984) (if indictment "alleges each of the necessary elements of the offense charged, then it is not subject to dismissal on the basis of factual questions, the resolution of which must await trial.") (internal quotation omitted).

   Accordingly, the defendant's assertion that the Indictment should be dismissed because his alleged false statements were not material must be denied.

**III. Whether The Alleged False Statements Were "Literally True" Is An Issue To Be Decided By A Jury At Trial.**

   Asserting that "it is a defense to a charge of making a false statement . . . that the statement in question was 'literally true'," (Mot. to Dismiss at 6), the defendant argues that the Indictment should be dismissed because the alleged false "statements he made were in fact 'literally true,'" (*id.* at 7).  Once again, the defendant is improperly attempting to have the Court resolve factual disputes that can only be resolved by a jury.

   The Indictment in this case alleges that the defendant submitted 11 forms to the General Services Administration in which he certified that 11 of his employees had received training that the defendant knew they had not received.  (Ind. at ¶¶ 5-6).  Thus, the Indictment plainly alleges that the statements at issue in this case were false, not "literally true."  The defendant clearly contends that the facts are otherwise, but that dispute must be resolved by a jury.  *See Alfonso*, 143 F.3d at 776-77 (A legally sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial."); *Gambino*, 809 F. Supp. at 1079 ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence."); *Pisani*, 590 F. Supp. at 1326 (if indictment "alleges each of the necessary elements of the offense charged, then it is not subject to dismissal on the basis of factual questions, the resolution of which must await trial.") (internal quotation omitted).

   Accordingly, the defendant's assertion that the Indictment must be dismissed because the false statements alleged therein were "literally true" must be rejected.

The Honorable Robert W. Sweet                                                      Page 5
May 12, 2008

## <u>Conclusion</u>

      For the foregoing reasons, the defendant's motion to dismiss the Indictment should be denied in its entirety.


                            Respectfully submitted,

                            MICHAEL J. GARCIA
                            United States Attorney

             By:

                            Michael A. Levy
                            Pablo Quinones
                            Assistant United States Attorney
                            (212) 637-2346/2487


cc:  Richard Borzouye, Esq. (by facsimile)

# EXHIBIT A

CLOSED, MJSELECT

# U.S. District Court
## Eastern District of New York (Central Islip)
### CRIMINAL DOCKET FOR CASE #: 2:07-cr-00226-JS All Defendants

Case title: USA v. Brooks

Magistrate judge case number: 2:03-mj-00716-WDW

Date Filed: 03/22/2007

Date Terminated: 08/02/2007

Assigned to: Judge Joanna Seybert

**Defendant (1)**

**Jerry L. Brooks**
*TERMINATED: 08/02/2007*

represented by **Joseph R. Maddalone, Jr.**
225 Old Country Road
Melville, NY 11747
(631) 761-0560
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R Koblenz**
Mound, Cotton, Wollon &
Greengrass
One Battery Park Plaza
New York, NY 10004
212-804-4247
Fax: 212-344-9870
Email:
mkoblenz@moundcotton.com
*TERMINATED: 09/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Michael Maher**
Wahid Vizcaino & Maher, LLP
122 E 42nd St.
Suite 1616
New York, NY 10168
212-661-5333
Fax: 212-661-5255
Email: sean@wvmlawfirm.com
*TERMINATED: 06/19/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Wayne B. Kendall**
1611 White Way
Suite #4
East Point, GA 30344
404-763-4003
Fax: 404-763-4030
Email: wbkendall2@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

18 U.S.C. 1001(a)(2), 2 and 3551 et
seq. STATEMENTS OR ENTRIES
GENERALLY; False Statement:
Report of Training Completion for
Security Officer Alain Ocampo
(7)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18 U.S.C. 1001(a)(2), 2 and 3551 et
seq. STATEMENTS OR ENTRIES
GENERALLY; False Statement:
Report of Training Completion for
Security Officer Richard Raynor
(1)

18 U.S.C. 1001(a)(2), 2 and 3551 et
seq. STATEMENTS OR ENTRIES
GENERALLY; False Statement:
Report of Training Completion for
Security Officer Gatha Ballard
(2)

18 U.S.C. 1001(a)(2), 2 and 3551 et
seq. STATEMENTS OR ENTRIES
GENERALLY; False Statement:
Report of Training Completion for
Security Officer Luis Rodriguez
(3)

18 U.S.C. 1001(a)(2), 2 and 3551 et
seq. STATEMENTS OR ENTRIES
GENERALLY; False Statement:
Report of Training Completion for
Security Officer George Lovaglio
(4)

**Disposition**

Dismissed on the Motion of the Deft.

**Disposition**

Dismissed on Motion of the Deft.

Dismissed on the Motion of the Deft.

Dismissed on the Motion of the Deft.

Dismissed on the Motion of the Deft.

| | |
|---|---|
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Maro Castellano (5) | Dismissed on the Motion of the Deft. |
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Mary McDonough (6) | Dismissed on the Motion of the Deft. |
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Michael Carley (8) | Dismissed on the Motion of the Deft. |
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Richard Figuero (9) | Dismissed on the Motion of the Deft. |
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Christopher Jones (10) | Dismissed on the Motion of the Deft. |
| 18 U.S.C. 1001(a)(2), 2 and 3551 et seq. STATEMENTS OR ENTRIES GENERALLY; False Statement: Report of Training Completion for Security Officer Samuel Murphy (11) | Dismissed on the Motion of the Deft. |

**Highest Offense Level
(Terminated)**

Felony

**Complaints**

18:1001(a)(2): the dft in a matter within the jurisdiction of the executive branch of the United States, made materially false statements and representations.

**Disposition**

**Plaintiff**

**USA**                     represented by **Lara Treinis Gatz**
                                              United States Attorneys Office
                                              Eastern District of New York
                                              610 Federal Plaza
                                              Central Islip, NY 11722
                                              631-715-7913
                                              Fax: 631-715-7922
                                              Email: lara.gatz@usdoj.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2003 | 1 | COMPLAINT as to Jerry L. Brooks (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 05/07/2003) |
| 05/06/2003 | | ARREST WARRANT issued as to Jerry L. Brooks (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 05/07/2003) |
| 05/20/2003 | 2 | Minute Entry for proceedings held before E. Thomas Boyle :Criminal cause forInitial Appearance as to Jerry L. Brooks held on 5/20/2003;AUSA Leonard Lato; Defense counsel ret. Michael R. Koblenz; Preliminary hearing waived; The defendant is released on a secured bond. (Tape #03-41 446-762.) (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 05/27/2003) |
| 05/20/2003 | 3 | Arrest Warrant Returned Executed on 5/20/03. as to Jerry L. Brooks. (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 05/27/2003) |
| 05/20/2003 | 4 | NOTICE OF ATTORNEY APPEARANCE: Michael R Koblenz appearing for Jerry L. Brooks (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 06/02/2003) |
| 05/20/2003 | 5 | Secured Bond Entered as to Jerry L. Brooks (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 06/02/2003) |
| 09/11/2003 | 6 | NOTICE OF ATTORNEY APPEARANCE: Joseph R. Maddalone Jr. appearing for Jerry L. Brooks (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 09/23/2003) |
| 09/12/2003 | | Attorney update in case as to Jerry L. Brooks. Attorney Michael R Koblenz terminated. (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 09/23/2003) |
| 09/12/2003 | 7 | Letter MOTION for Extension of Time to File *waiver of speedy indictment* by Jerry L. Brooks. (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 09/23/2003) |

| 09/16/2003 | | ORDER as to Jerry L. Brooks re 7 Letter MOTION for Extension of Time to File *waiver of speedy indictment* filed by Jerry L. Brooks. Set status conference 9/25/03 at 2:00. Waive speedy indictment to 9/25/03. Signed by Judge William D. Wall on 9/16/03.cf (Talbott, Thomas) [2:03-mj-00716-WDW] (Entered: 09/23/2003) |
|---|---|---|
| 09/25/2003 | 8 | Minute Entry for proceedings held before E. Thomas Boyle :Defendant present with counsel Joseph Maddelone Waiver of speedy indictment as to Jerry L. Brooks held on 9/25/2003. AUSA- Mark Lesko; waiver of speedy indictment executed start date 9/25/03 stop date 12/1/03. (Tape #03-86 (1-144).) (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 09/26/2003) |
| 09/25/2003 | 9 | WAIVER of Speedy Indictment by Jerry L. Brooks start date 9/25/03 stop date 12/1/03 (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 09/26/2003) |
| 11/26/2003 | 10 | Letter from Mark Lesko the government and the defendant request that the Court issue an Order excluding time for filing an indictment or information under the Speedy Trial Act, until Friday 12/19/03. (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 12/11/2003) |
| 11/26/2003 | | ENDORSED ORDER as to Jerry L. Brooks granting re 10 Letter . Signed by Judge E. Thomas Boyle on 11/26/03. (Lundy, Lisa) [2:03-mj-00716-WDW] (Entered: 12/11/2003) |
| 12/05/2003 | 11 | Minute Entry for proceedings held before Judge Arlene R. Lindsay :Status Conference as to Jerry L. Brooks held on 12/5/2003. Dft present with retained counsel Joseph Madalone. AUSA: Mark Lesko. Waiver of speedy indictment executed from 12/5/03 to 2/5/04. (Tape #03-46 (1858-2036).) (Lopez, Adriana) Modified on 12/17/2003 (Lopez, Adriana). [2:03-mj-00716-WDW] (Entered: 12/17/2003) |
| 12/05/2003 | 12 | ORDER TO CONTINUE - Ends of Justice as to Jerry L. Brooks Time excluded from 12/5/03 until 2/5/04. . Signed by Judge Arlene R. Lindsay on 12/5/03. (Lopez, Adriana) [2:03-mj-00716-WDW] (Entered: 12/17/2003) |
| 02/06/2004 | 13 | ORDER OF DISMISSAL OF COMPLAINT WITHOUT PREJUDICE as to Jerry L. Brooks. Signed by Judge Arlene R. Lindsay on 2/6/04. (Mahon, Cinthia) [2:03-mj-00716-WDW] (Entered: 03/03/2004) |
| 02/06/2004 | | DISMISSAL OF COUNTS on Government Motion as to Jerry L. Brooks. (Mahon, Cinthia) [2:03-mj-00716-WDW] (Entered: 03/03/2004) |
| 03/22/2007 | 14 | SEALED INDICTMENT as to Jerry L. Brooks (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. (Attachments: # 1 Information Sheet# 2 Calendar Minutes) (Duong, Susan) (Entered: 03/23/2007) |

| | | |
|---|---|---|
| 04/02/2007 | <u>16</u> | MOTION to Unseal Case by USA as to Jerry L. Brooks. (Valle, Christine) (Entered: 04/23/2007) |
| 04/02/2007 | <u>17</u> | UNSEALING ORDER - It is ordered that the indictment bearing Docket Number 07cr226 be unsealed as to Jerry L. Brooks. Signed by Judge Joanna Seybert on 4/2/07.C/G (Valle, Christine) (Entered: 04/23/2007) |
| 04/02/2007 | <u>18</u> | NOTICE OF ATTORNEY APPEARANCE: Sean Michael Maher appearing for Dft Jerry L. Brooks. (Valle, Christine) (Entered: 04/23/2007) |
| 04/02/2007 | | INDICTMENT UNSEALED as to Jerry L. Brooks. (Valle, Christine) (Entered: 04/24/2007) |
| 04/04/2007 | <u>19</u> | Minute Entry for proceedings held before Joanna Seybert, U.S. District Judge:Cr Cause for Arraignment as to Jerry L. Brooks (1). Dft Brooks present on bail with retained counsel Sean Maher. Govt: Lara Treinis-Gatz. Case called. First Appearance as to Jerry L. Brooks. Dft arraigned, waives reading of the indictment,and enters a Not Guilty Plea to the Charges. Case adjourned to 5/14/07 at 11:30AM. Bail continued for dft. Speedy trial time excluded through 5/14/07 due to voluminous discovery. Court Reporter: M. Steiger. (Valle, Christine) (Entered: 04/23/2007) |
| 04/24/2007 | <u>20</u> | MOTION for Leave to Appear Pro Hac Vice as to Wayne B. Kendall by Jerry L. Brooks. (Attachments: # <u>1</u> Receipt No. 22769) (Valle, Christine) (Entered: 04/24/2007) |
| 04/27/2007 | <u>21</u> | ORDER - The motion for admission to practice pro hac vice in the above captioned matter is granted. The admitted attorney Wayne B. Kendall, Esq. is permitted to argue or try this case in whole or in part as counsel or advocate as to Jerry L. Brooks. Ordered by Judge Joanna Seybert on 4/27/07. C/ECF (Valle, Christine) (Entered: 05/10/2007) |
| 06/01/2007 | | NOTICE OF HEARING as to Jerry L. Brooks: Status Conference previously set for 6/5/2007 is changed from 4:30pm to 1:30pm in Courtroom 1030 before Judge Joanna Seybert. Counsel are directed to confirm the change with one another. (Baran, Charles) (Entered: 06/01/2007) |
| 06/01/2007 | | CORRECTED NOTICE OF HEARING as to Jerry L. Brooks: Status Conference previously set for Wednesday 6/6/2007 is changed from 4:30pm to 1:30pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 06/01/2007) |
| 06/06/2007 | <u>22</u> | Minute Entry for proceedings held before Judge Joanna Seybert : Status Conference as to Jerry L. Brooks held on 6/6/2007. Motions to be made by 7/16/2007; response by Government by 7/30/2007; reply if any by 8/6/2007. Oral Argument set for 8/10/2007 at 2:00pm. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 06/06/2007) |

| 06/14/2007 | 23 | MOTION to Withdraw as Attorney by Sean Maher. by Jerry L. Brooks. (Maher, Sean) (Entered: 06/14/2007) |
|---|---|---|
| 06/19/2007 | | ORDER as to Jerry L. Brooks GRANTING Mr. Maher's motion to withdraw. Ordered by Judge Joanna Seybert on 6/18/2007. (Baran, Charles) (Entered: 06/19/2007) |
| 07/16/2007 | 24 | MOTION for Release of Brady Materials by Jerry L. Brooks. (Kendall, Wayne) (Entered: 07/16/2007) |
| 07/16/2007 | 25 | MOTION for Discovery by Jerry L. Brooks. (Kendall, Wayne) (Entered: 07/16/2007) |
| 07/16/2007 | 26 | MOTION for Disclosure by Jerry L. Brooks. (Kendall, Wayne) (Entered: 07/16/2007) |
| 07/16/2007 | 27 | MOTION to Change Venue *Or in the Alternative to Dismiss* by Jerry L. Brooks. (Kendall, Wayne) (Entered: 07/16/2007) |
| 07/16/2007 | 28 | MOTION for Extension of Time to File *Dispositive Motions* by Jerry L. Brooks. (Kendall, Wayne) (Entered: 07/16/2007) |
| 07/19/2007 | | ORDER as to Jerry L. Brooks GRANTING 28 MOTION for extension of time to file dispositive motions. Ordered by Judge Joanna Seybert on 7/19/2007. (Baran, Charles) (Entered: 07/19/2007) |
| 08/01/2007 | 29 | RESPONSE to Motion Jerry L. Brooks re 27 MOTION to Change Venue *Or in the Alternative to Dismiss* (Gatz, Lara) (Entered: 08/01/2007) |
| 08/02/2007 | 30 | ORDER as to Jerry L. Brooks re: 24 , 25 , 26 , 27 ; For the reasons set forth herein, the Court dismisses the matter. Any pending motions are deemed moot. The Clerk of the Court is ordered to mark this matter as CLOSED. ( Ordered by Judge Joanna Seybert on 8/2/07.) c/m c/ecf (Fagan, Linda) (Entered: 08/03/2007) |
| 08/02/2007 | | DISMISSAL OF COUNTS on the Motion of Jerry L. Brooks. (Fagan, Linda) (Entered: 08/03/2007) |
| 08/13/2007 | 31 | Mail Returned - Copy of 30 Order addressed to Joseph R. Maddalone returned to Clerk's Office on 8/13/07 marked Return to Sender - Not Deliverable as Addressed - Unable to Forward. (Valle, Christine) (Entered: 08/14/2007) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/29/2007 15:46:56 | | | |
| **PACER Login:** | du6687 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cr-00226-JS |

| Billable Pages: | 6 | Cost: | 0.48 |
|---|---|---|---|