UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,           08 Civ. 35

   -against-                    MEMORANDUM
                                    OPINION
JERRY BROOKS,

                Defendant.

----------------------------------------X

A P P E A R A N C E S:

      Attorneys for Plaintiff

      U.S. DEPARTMENT OF JUSTICE
      United States Attorney
      Southern District of New York
      One Saint Andrew's Plaza
      New York, NY  10007
      By:  Michael A. Levy, Esq.
           Pablo Quinones, Esq.

      Attorney for Defendant

      RICHARD D. BORZOUYE, ESQ.
      11 West 42nd Street, Suite 900
      New York, NY 10036

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/08

**Sweet, D.J.**

On January 7, 2008, the Government filed an indictment against Defendant Jerry Brooks ("Brooks" or the "Defendant"), charging him, under 18 U.S.C. § 1001, with 11 counts of knowingly making materially false statements to the General Services Administration in connection with his contract to provide the Government with trained security guards for federal buildings. Brooks has filed a motion to dismiss the indictment, pursuant Fed. R. Crim. P. 12(b)(2), on statute of limitations and materiality grounds, as well as on the basis that his statements were "literally true". For the reasons set forth below, the motion is denied.

**Prior Proceedings**

The Government filed its initial indictment against Brooks on March 22, 2007, in the Eastern District of New York. On August 2, 2007, the indictment was dismissed for improper venue. The Government filed an indictment against Brooks in this district on January 7, 2008. This motion was heard and marked fully submitted on May 14, 2008.

The parties' familiarity with the underlying facts is presumed.

**The Indictment Was Filed Within the Statute of Limitations Period**

The statute of limitations for an offense under 18 U.S.C. § 1001 is five years, pursuant to 18 U.S.C. § 3282(a). As noted above, the initial indictment against Brooks was filed in the Eastern District of New York on March 22, 2002. Brooks contends that the statute of limitations began to run on March 22, 2002, the date on which he submitted the statements constituting the offense, and ended on March 21, 2007, and therefore the indictment was filed after the statute of limitations period expired. Def.'s Mot. at 2-3.

However, the Government argues, and the Court agrees, that the statute of limitations began to run on March 23, 2002, the day after the statements were submitted, and therefore, the Government had until March 22, 2007, to timely file an indictment. See United States v. Guerro, 694 F.2d 898, 901 (2d Cir. 1982) ("The long-established general rule is that a statute of limitations begins to run on the day following the day on which the

2

event giving rise to the cause of action occurred.") (citing Burnet v. Willingham Loan & Trust Co., 282 U.S. 437, 439 (1931)).  The day on which the indictment is filed is included in the statute of limitations period.  See id. (citing United States v. Mahler, 181 F. Supp. 900, 903 (S.D.N.Y. 1960)); see also United States v. Nappy, No. 94 CR. 656 (LMM), 1995 WL 702363, at *2 (S.D.N.Y. Nov. 28, 1995) ("[I]f the mailing occurred on September 21, 1989, the five year period is counted from September 22, 1989, and the indictment, returned on September 21, 1994, was returned within the limitation period.").  This rule applies in both civil and criminal cases.  Guerro, 694 F. 2d at 901 (citing Fed. R. Crim. P. 45).

At oral argument on this motion, Brooks' counsel asserted, for the first time in this case, that even if the statute of limitations began to run on March 23, 2002, because 2004 was a leap year, and contained 366, rather than 365 days, the statute of limitations expired on March 21, 2007, not March 22, 2007.  In other words, he urges this Court to define the term "year" in § 3282 as a period of 365 days, rather than as a calendar year, or twelve calendar months.  See generally Bailey v. Faux, 704 F. Supp. 1051, 1053 (D. Utah 1989) ("[A] calendar method of

3

calculating a one year period from any given date results in termination of that period in the next calendar year on the date one day prior to the starting date.").

However, Brooks has been unable to provide, and the Court has been unable to locate, any cases supporting the proposition that a leap year results in the expiration of the Section 3282(a) statute of limitations one day earlier than would be the case if each year was 365 days.[1]

As the Government notes, virtually every five year period includes at least one leap year,[2] so this

---

[1] In support of his argument, Brooks' counsel directed the Court's attention to only one authority, N.Y. Gen. Constr. Law § 58 (McKinney 2008), which reads:

> The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days, but the added day of a leap year and the day immediately preceding shall for the purpose of such computation be counted as one day. In a statute, contract or public or private instrument, the term year means twelve months, the term half year, six months, and the term a quarter of a year, three months.

As a New York state statute, this provision does not govern the interpretation of terms in the federal statute at issue here. Regardless, it appears to state a proposition directly contrary to that which Brooks asserts, as the counting of the "added day of a leap year and the day immediately preceding . . . as one day" renders the leap year irrelevant to the expiration date of the five-year statute of limitations period.

[2] For all practical purposes, leap years occur every four years, but on rare occasions, more than five years may pass between leap years, as century years not divisible by 400 are not leap years (for example, the year 2100 is not a leap year). See National Institute of Standards and Technology Physics Laboratory, Time and Frequency Division, Frequently Asked Questions, http://tf.nist.gov/general/leaps.htm (last visited May 15, 2008).

4

question is inherent in every calculation of the statute of limitations under Section 3282. Without explicitly addressing the leap year issue, numerous courts performing this calculation of the Section 3282 statute of limitations period have concluded that the period ends on the five-year anniversary of the offense conduct. See, e.g., United States v. Spero, 331 F.3d 57, 59 (2d Cir. 2003) (stating that in order for an indictment filed on May 25, 1999 to be deemed timely under the five-year limitations period in Section 3282, the conspiracy charged must have continued at least through May 25, 1994); United States v. Heil, No. 06 Cr. 00749 (ADS), 2007 U.S. Dist. LEXIS 87122, at *12 (E.D.N.Y. Nov. 16, 2007) (finding an indictment timely under Section 3282 when filed on November 14, 2006, for an act committed on November 14, 2001).

The few courts that have explicitly considered Brooks' argument in the context of the statute of limitations for filing a criminal indictment under Section 3282 have rejected it. See, e.g., United States v. Tawab, 984 F.2d 1533, 1535 (9th Cir. 1993) (holding that despite the fact that 1988 was a leap year, an indictment filed on February 15, 1991 for offense conduct occurring on February

5

15, 1986 was timely)[3]; <u>Williams v. United States</u>, 123 F. Supp. 2d 100, 103 (E.D.N.Y. 2000) (rejecting a claim that an indictment was untimely filed as a result of an intervening leap year, as "every five year period includes a leap year"). Therefore, reading the term "year" to mean a calendar year, despite the fact that 2004 was a leap year, the indictment in this case was timely filed.

**Materiality Is an Issue to be Decided by the Jury at Trial**

Section 1001(a)(2), Title 18, United States Code, under which Brooks was charged, authorizes penalties for "knowingly and willfully . . . mak[ing] any materially false, fictitious, or fraudulent statement or representation" in a matter within the jurisdiction of the executive branch of the United States Government. Brooks asserts that the indictment should be dismissed because the statements underlying the action were not "materially false," and therefore the Government has failed to state an offense under Section 1001.

---

[3] The opinion, as printed in the Federal Reporter, refers to an interpretation of the term "year" in 18 U.S.C. § 3238. However, this appears to be a typographical error, as the opinion contains an earlier reference to the statute of limitations at issue as contained in 18 U.S.C. § 3282.

6

According to the indictment, Brooks "willfully, and knowingly . . . did make materially false, fictitious, and fraudulent statements and representations" when he submitted 11 forms certifying "that the employee named on each form had completed a minimum of 83 hours of training and specifying the precise number of hours that the employee had spent being trained in each individual subject and the date on which the training purportedly took place." Indictment ¶¶ 5, 7. Brooks asserts that because each of the 11 officers named on the forms had passed an exam on the subjects covered during the 83 hours of training to which the forms referred, and their "passing of the examination showed that the security officers had been properly trained in the subject matters of the 83 hour training," Brooks' statements were not "material to the contract as a matter of law." Def.'s Mot. at 4. Moreover, Brooks argues, "[t]here could not have been any intent to deceive or defraud [the General Services Administration] because each security officer had already shown his proficiency in the materials through non required independent training." Id. at 5.

Since the Supreme Court's decision in United States v. Gaudin, 515 U.S. 506 (1995), it has been the law

7

of the Second Circuit that materiality is an element of all charges under Section 1001 and must be decided by a jury beyond a reasonable doubt. See United States v. Ali, 68 F.3d 1468, 1474 (2d Cir. 1996), amended on denial of reh'g, 86 F.3d 275 (2d Cir. 1996) (citing Gaudin, 515 U.S. 506, 512-14 (1995)); see also United States v. Mandanici, 205 F.3d 519, 523 (2d Cir. 2000) (stating that in Ali, 68 F.3d at 1474-75, the Second Circuit overruled its relevant precedents and "the law now requires that in order for a conviction under Section 1001 to be sustained, the jury must have made a finding of materiality beyond a reasonable doubt."). The cases cited by Defendant for the proposition that the Court must determine materiality predate the Gaudin and Ali decisions.

As the issue of materiality is a factual matter to be determined by the jury, the Court may not dismiss the indictment based on Brooks' challenges to the Government's ability to prove this element of the offense. "It is well settled that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same

8

offense." United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998) (internal quotation marks and citation omitted). However, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Id.; see also United States v. Pisani, 590 F. Supp 1326, 1333 (S.D.N.Y. 1994) (if an indictment "alleges each of the necessary elements of the offense charged, than it is not subject to dismissal on the basis of factual questions, the resolution of which must await trial") (internal quotation marks and citation omitted); cf., United States v. Kurtz, No. 98 Cr. 733 (BSJ), 1999 U.S. Dist. LEXIS 8022, at *12 (S.D.N.Y. May 28, 1999) ("[T]he Indictment alleges that the false statements were material, which is sufficient to withstand a motion to dismiss the charge.") (citing Gaudin, 515 U.S. at 512-14 (1995)) (emphasis in original). Here, the indictment alleges the materiality of Brooks' statements, and it is for the jury to resolve this factual question at trial.

**Whether the False Statements Were "Literally True" Is an Issue to be Decided by the Jury at Trial**

Brooks asserts that it is a defense to a charge

9

of making a false statement under Section 1001 that the statement in question is "literally true". Def.'s Mot. at 6 (citing Bronston v. United States, 409 U.S. 352 (1973)). However, such a defense is not the proper subject of a pre-trial motion under Fed. R. Crim. P. 12(b)(2), as it is cannot be determined by the court "without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Rather, similar to the Section 1001 materiality element, the truth or falsity of Brooks' statements is an issue of fact to be determined at trial. See United States v. Fanta, 04 Cr. 1253 (JFK), 2005 U.S. Dist. LEXIS 33338, at *5-7 (S.D.N.Y. Dec. 16, 2005) (denying a Fed. R. Crim. P. Rule 12 motion to dismiss Section 1001(a)(2) charges on the grounds that the statements at issue were not false, as the issue was a factual dispute to be resolved at trial, and noting that Bronston was inapposite with regard to the motion, as it involved a post-conviction, not pre-trial, application for dismissal).

For the reasons set forth above, the Defendant's motion to dismiss the indictment is denied.

**New York, N.Y.**
**May 15, 2008**

_____
ROBERT W. SWEET
U.S.D.J.

11