UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JERRY BROOKS,

          Defendant.

MEMORANDUM ORDER

08 Cr. 35 (PKL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

**LEISURE, District Judge:**

    The Government rested on Friday, May 30, 2008, at which time defendant made two oral motions.  First, defendant moved to dismiss seven counts of the eleven-count indictment because the security guards associated with those counts were not called by the Government as witnesses.[1]  Invoking the Sixth Amendment, defendant contends that the Government's failure to call these witnesses constituted a violation of defendant's "absolute right to confront all witnesses against him." (Tr. at 379.)  Second, defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

**I.    Confrontation Clause**

    In Crawford v. Washington, the Supreme Court held that the Confrontation Clause's "ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive

---

[1] Specifically, defendant moved to dismiss Counts One (Richard Raynor), Five (Maro Castellano), Six (Mary McDonough), Seven (Alain Ocampo), Nine (Richard Figuero), Ten (Christopher Jones), and Eleven (Samuel Murphy).

1

guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." 541 U.S. 36, 61 (2004). In that light, the Clause's "primary object" is testimonial hearsay. Id. at 53.

Here, testimonial hearsay is not at issue. Defendant has allegedly made false statements to the General Services Administration with respect to the training of eleven security guards. According to defendant:

> [T]hese guards were witnesses in the government's case in bringing the indictment against this defendant. And under the confrontation clause of the Constitution, he has a right to confront each and every witness who is against him. If these indictments are allowed to stand without him having had the opportunity to cross-examine those guards, his right to confrontation will have been deprived in defiance of that constitutional principle.

(Tr. at 380.) This argument, though cloaked in the language of the Sixth Amendment, is without merit. Defendant asks the Court to impute to the Sixth Amendment a requirement that the Government call to the stand every witness that led it to obtain an indictment against defendant. Such a requirement does not exist. Moreover, only if the Government attempted to introduce testimony of one of these absent guards would Sixth Amendment considerations be raised. In the Government's case-in-chief, it did not attempt to introduce any absent guards' statements, but

2

rather used the testimony of other witnesses -- who defendant did have an opportunity to cross-examine -- in order to establish that none of the security guards received 83 hours of training.

II. **Rule 29**

When a defendant moves pursuant to Rule 29, he "bears a very heavy burden." United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002); United States v. Scarpa, 913 F.2d 993, 1003 (2d Cir. 1990) (internal quotations omitted). The district court must draw all reasonable inferences in favor of the Government and "should not substitute its own determination of the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn for that of the jury." United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984). Thus, a Rule 29 motion will be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Guadagna, 193 F.3d 122, 129 (2d Cir. 1999) (quoting United States v. Resto, 824 F.2d 210, 212 (2d Cir. 1987)).

Here, the Government has presented sufficient evidence in its case-in-chief to meet its minimal evidentiary burden. A rational jury could find, based upon the testimony of witnesses and physical evidence, that the defendant, knowingly and willfully, made a false, material statement to the Government.

3

The record does not support defendant's assertions that "there's been no evidence to demonstrate that Jerry Brooks knew how much training the guards had received or not received," (Tr. at 382), or that "there's been not a shred of evidence to show that the 83-hour training requirement stated in these certifications was material." (Tr. at 382-83.)  Accordingly, it would be inappropriate for the Court to substitute its opinion for that of the jury.  Defendant's motions are hereby DENIED.

SO ORDERED.

New York, New York
June 3, 2008

                                                                                          [signature]
                                                                                           U.S.D.J.