

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JERRY BROOKS,

          Defendant.

**MEMORANDUM ORDER**

08 Cr. 35 (PKL)

**LEISURE, District Judge**:

    After receiving defendant's proposed witness list, the Government submitted a letter to the Court dated June 2, 2008 requesting that defendant's proposed expert witnesses, Mr. Ernest J. Agresto and Dr. Jay Billings, be precluded from testifying. The Government argues that defendant's expert disclosure is late[1] and that the proposed expert opinions are "improper because they do not rely on any specialized knowledge that will assist the jury in determining a fact in issue and because the prejudicial effect of expert testimony substantially outweighs its relevance." (Gov't 06/02/08 Ltr. at 2.) Defendant was given an opportunity to respond and did so orally on June 3,

---

[1] In response to the Government's argument that defendant's expert notice is late, defendant argues that by attaching Dr. Billings's draft report to its motion to dismiss, which was filed May 1, 2008, it provided sufficient notice to the Government. Under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . . ." On the present record, it is unclear whether such requirements were met. In light of the Court's decision herein rendered on the merits, the Court need not reach this issue.

2008, asserting that both witnesses have specialized knowledge that is relevant to this action. For the following reasons, defendant's proposed expert testimony of Mr. Agresto and Dr. Billings is precluded.

As the proponent of the proposed testimony, defendant has the burden of establishing admissibility by a preponderance of the evidence. See Fed. R. Evid. 104(a). Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Even if proposed expert testimony is relevant and admissible under Rule 702, however, the expert testimony "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403; see also United States v. Castillo, 924 F.2d 1227, 1232, n.9 (2d Cir. 1991) (internal citations omitted).

Defendant argues that Dr. Billings has specialized knowledge on government contracts and would offer testimony regarding the materiality and falsity requirements under 18

U.S.C. § 1001.  Specifically, Dr. Billings would opine on whether defendant properly performed under the contract and whether the Government properly terminated its contract with the defendant. (Billings Report at 6.)  However, Dr. Billings's opinion regarding defendant's performance of the contract and the questions of materiality and falsity is "'directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help.'" See United States v. Mulder, 273 F.3d 91, 101 (2d Cir. 2001) (quoting Castillo, 924 F.2d at 1232).  Thus, such expert testimony may properly be excluded. Castillo, 924 F.2d at 1232.  Further, Dr. Billings's opinion regarding whether the Government properly terminated the contract is irrelevant to this action and is likely to confuse the jury.

Defendant also argues that Mr. Agresto, as a Certified Public Accountant and expert in financial matters, would offer testimony regarding the Government's financial obligations under the contract at issue in this case.  Mr. Agresto's draft report addresses wage determinations under the contract, supervision of employees, and potential claims defendant might have against the Government. (Agresto Report at 4-6.)  Such issues, however, are irrelevant to this trial, which charges defendant with making false statements to the Government.  There is a substantial risk that such testimony would confuse the jury.

3

Defendant has not shown that Dr. Billings and Mr. Agresto would offer any specialized knowledge to assist the jury. The subjects of the proposed expert testimony are solely lay matters that the jury is capable of understanding without the assistance of expert testimony. Moreover, the proposed expert testimony of Dr. Billings and Mr. Agresto must be excluded because its prejudicial effect substantially outweighs its relevance. Therefore, defendant is precluded from offering expert testimony by Mr. Ernest J. Agresto and Dr. Jay Billings.

**SO ORDERED.**

New York, New York
June 4, 2008

_____
U.S.D.J.

4