IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHER DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES

      v.

JERRY BROOKS,

           defendant

---------------------------------------------------------------x

Motion to Change Venue

08 Cr. 35 (RWS)

Jerry Brooks, by counsel David Storobin admitted to practice in the Southern District of New York and the State of New York, files this motion to change venue.

## FACTS

1. Jerry Brooks is a defendant in the herein case.

2. The herein matter stems from a transaction involving work that had to be performed in New York State.

3. The government-required bid to win the contract to conduct the work was prepared by the defendant while he was within the boundaries of the Northern District of Alabama.

4. The defendant presently and at all times relevant has lived within the boundaries of the Northern District of Alabama.

5. The defendant was tried in May-June 2008 with a hung jury result.

6. Upon information and belief, the government has made a decision to re-try Mr. Brooks.

7. The herein case has continued for many years resulting in economic and other hardships to the defendant as he has been forced to fly to and from New York.

8. The defendant moves to transfer the proceedings to the Northern District of Alabama on the grounds that a trial in New York would impair his defense or impose unnecessary hardships in forcing the defendants to bring evidence and witnesses from afar.

## APPLICABLE LAWS AND PRECEDENTS

1. Under Rule 21(b) of the Federal Rules of Criminal Procedure: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."

2. Under Rule 18 of the Federal Rules of Criminal Procedure, "The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

3. In the U.S. v. National City Lines, Inc. defendants were indicted in California for violation of the Sherman Anti-Trust Act. The alleged conspiracy was entered into in Chicago and the defendants moved to transfer the proceedings to Northern Illinois on the grounds that a California trial would impair the defense or impose unnecessary hardships in forcing the defendants to bring evidence and witnesses from afar. The motion was granted. U.S. v. National City Lines, Inc., 7 F.R.D. 393 (S.D. Cal., 1947).

## STANDARD OF REVIEW

Venue lies in the sound discretion of the District Court, and will not be overturned absent an abuse of that discretion. In re Horseshoe Entertainment, 337 F. 3rd 429.

## LEGAL ARGUMENT

1. Under the U.S. v. National City Lines, Inc., where a crime was allegedly committed in one state, but conspired to in another, the district court has the legal right to change venue in the interest of justice including any hardships to the defendant in bringing evidence or witnesses from afar.

2. In this case, the services that Jerry Brooks was supposed to provide were in New York state, but his bid was submitted and prepared in northern Alabama.

3. It is a hardship for the defendant to travel to New York.

4. It is also a hardship for the defendant to bring witnesses – eye-witnesses, expert witnesses and character witnesses - from Alabama where his bid for the government contract was prepared.

5. As such, it would be proper to change venue and conduct trial in the Northern District of Alabama.

6. Rules 18 of the Federal Criminal Procedure allows a change of venue for the convenience of the defendant and witnesses so long as it would not interfere with the prompt administration of justice.

7. Northern Alabama has competent and qualified attorneys at the local United States Attorneys office who would be capable of prosecuting Mr. Brooks, so no unreasonable delay in the administration of justice should be expected.

8. Rules 21(b) of the Federal Criminal Procedure allows a change of venue for the convenience of the parties and witnesses.

9. The government would not be inconvenienced as it has adequate offices in Northern Alabama to prosecute the herein matter.

## CONCLUSION

WHEREFORE, it is within the power of the District Court to decide venue in the herein case and it would be proper to change venue for the convenience of the defendant and his witnesses.

Respectfully submitted,

*D. Storobin*

David Storobin

Storobin Law Firm

14 Wall Street, 20 Floor

New York, N.Y. 10005

(800) 391-8392 phone

(800) 391-7207 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been filed with CM/ECF on 27 of June, 2008 on:

United States Attorneys Office for the Southern District of New York

Michael Alexander Levy, Esq.

Assistant United States Attorney

1 St. Andrews Plaza

New York, N.Y. 10007


Pablo Quinones, Esq.

Assistant United States Attorney

1 St. Andrews Plaza

New York, N.Y. 10007


Respectfully submitted,

David Storobin

Storobin Law Firm

14 Wall Street, 20 Floor

New York, N.Y. 10005

(800) 391-8392 phone

(800) 391-7207 fax

## VERIFICATION

I, JERRY BROOKS, hereby declare and state as follows:

I have read the foregoing verified Notice of Motion and Motion and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the applicable laws that the foregoing is true and correct.

Executed this 26th day of June, 2008 _____Huntsville_____, Alabama.

_[signature]_

FOR THE STATE OF ALABAMA, COUNTY OF MADISON

I, Ruth B. Scott, a notary public for the said county, hereby certify that JeRRy Louis BRooKS (print) whose name is signed to the foregoing, and who acknowledged before me on this day that, being informed of the contents of the conveyance, he or she executed this same voluntarily on the day the same bears date. Given under my hand this 26 day of June, 2008

_Ruth B. Scott_
Notary Public (signature)
My Commission expires August 31, 2010