

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 21, 2008

BY HAND

The Honorable Peter K. Leisure
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

        Re:    **United States v. Jerry Brooks**
              **08 Cr. 35 (PKL)**

Dear Judge Leisure:

       The Government respectfully submits this letter in opposition to defendant's motion to transfer this criminal proceeding to the Northern District of Alabama, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.  Although Rule 21(b) provides a court discretion to transfer this case, the Court should deny the motion because the factors that the Court should consider in determining whether to grant the transfer motion weigh in favor of keeping this proceeding in the Southern District of New York.

## BACKGROUND

       As the Court is aware, Jerry Brooks, the defendant, is formally charged in an eleven-count Indictment.  Each count charges the defendant with a separate instance of making a false statement within the jurisdiction of the executive branch of the government of the United States, in violation of Title 18, United States Code, Section 1001.  Specifically, each count alleges that, on or about March 22, 2002, the defendant submitted to the General Services Administration ("GSA") in Manhattan a form claiming that a particular security guard had received certain specific training on certain specific dates when, in fact, the defendant knew that the security guard had not received that training on those dates.  Each of the eleven counts relates to a different security guard that the defendant employed to provide security to federal buildings in Long Island, New York.

The Honorable Peter K. Leisure                                                                                          Page 2
July 21, 2008

       From May 27, 2008, to June 10, 2008, the Court presided over the defendant's jury trial on the charges in the Indictment. That trial ended in a hung jury. At trial, the defendant testified and did not call any other fact witnesses. Prior to his trial, the defendant made several motions, none of which asked the Court to transfer the proceedings.

       The defendant now claims that the case should be transferred to the Northern District of Alabama for the following reasons: (1) "his bid was submitted and prepared in Northern Alabama;" (2) "it is a hardship for the defendant to travel to New York;" and, (3) "it is a hardship to bring witnesses – eye-witnesses, expert witnesses and character witnesses – from Alabama" to New York. The defendant further claims that transfer will not unreasonably delay the administration of justice because this matter could be prosecuted by Assistant United States Attorneys in Alabama. (See Brooks's Motion to Change Venue, dated June 27, 2008, at pp. 2-3). For the reasons set forth below, the motion should be denied.

## DISCUSSION

### A.    Applicable Legal Standard

       Federal Rule of Criminal Procedure 21(b) provides that "for the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding." In determining whether to grant a motion to transfer, a district court will consider the following factors: (1) location of defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district involved; and (10) any other special elements which might affect the transfer. See Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 244 (1964).

       A court should look to all factors and the circumstances surrounding the case when rendering its decision. See United States v. Spy Factory, 951 F. Supp. 450, 456 (S.D.N.Y. 1997). The burden is on the defendant to justify the transfer. Spy Factory, 951 F. Supp. at 464. No one factor is dispositive, as "it remains for the court to try to strike a balance and determine which factors are of greatest importance." See United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990)(citation omitted). However, the defendant's delay in moving to transfer the case is one of the factors that the Second Circuit has paid special attention. See Maldonado-Rivera, 922 F.2d at 966; United States v. Keuylian, 602 F.2d 1033, 1038 (2d Cir. 1979).

       Here, the defendant has not met his burden to establish that the Platt factors weigh in favor of transfer to the Northern District of Alabama. Moreover, the defendant's delay in making the transfer motion after a lengthy trial occurred in this district is extraordinary and further warrants denial of the motion.

The Honorable Peter K. Leisure                                                                                         Page 3
July 21, 2008

### B.  Application of the <u>Platt</u> Factors

#### 1.  The Location of the Defendant

The defendant in this case resides in Alabama. Absent other countervailing considerations, this factor weighs in favor of transfer.

#### 2.  The Location of Witnesses

The defendant has not identified a single witness that he intends to call at his second trial. Indeed, the defendant was his only witness at the first trial. Moreover, the defendant has offered no basis to consider whether the residence of the defendant's potential witnesses are in New York, Alabama, or some other location. The defendant's empty assertions that potential witnesses will be inconvenienced are insufficient to meet his burden. See <u>Spy Factory</u>, 951 F. Supp. at 456-57 (citing with approval cases from other circuits that require the defendant to "offer specific examples of witnesses' testimony and their inability to testify because of the location of the trial")(citations omitted).

During the first trial, the Government called ten witnesses. Seven of those witnesses reside in New York, two reside in Florida, and one resides in Alabama. At a retrial, the Government currently anticipates adding several more security guards and government employees as witnesses. The additional witnesses also reside in New York.

Because the defendant has not met his burden and practically all of the Government's witnesses reside in New York, this factor weighs against transfer.

#### 3.  Location of the Events in Issue

The offense involves the defendant's alleged false statements to GSA with respect to training security guards in New York. The statements were made in Alabama, but submitted to GSA in Manhattan. The events related to the training of the security guards, the facilities that had to be guarded, the government agents that negotiated the contracts, and the manager that the defendant claimed to have relied upon at the first trial all reside in New York. Indeed, the only claim that Brooks makes on this point is that "his bid was submitted and prepared in Northern Alabama." However, any relevant documents that Brooks prepared to bid on the GSA contract were submitted to GSA in Manhattan. As a result, this factor weighs against transfer.

The Honorable Peter K. Leisure                                                                                               Page 4
July 21, 2008

      4.      <u>Location of Documents and Records</u>

The relevant documents and records are in New York. The defendant has not identified a single document that is located in Alabama. Moreover, any additional documents identified by the defendant that are located in Alabama could be easily copied and sent to New York. As a result, this factor weighs against transfer.

      5.      <u>Disruption of Defendant's Business</u>

The defendant does not claim nor has he offered any basis to believe that a trial in New York will disrupt his business, if any. Accordingly, the defendant has not met his burden on this factor. This factor, thus, also weighs against transfer.

      6.      <u>Expense to the Parties</u>

The defendant claims that it is a financial hardship to proceed with this matter in New York. The hardship presumably relates to the defendant's travel expenses and accommodations in New York. The defendant, however, has not provided any financial information to support the notion that he is unable to pay for these expenses. In addition, the defendant has not identified a single witness that he intends to call that is outside of New York. Accordingly, this factor weighs against transfer.

On the other hand, the Government will incur substantial expenses if the second trial proceeds in Alabama. As set forth above, at least ten witnesses that the Government would call for the second trial reside in New York. If the trial were in Alabama, the Government would have to incur expenses for travel, accommodations, and food for at least ten witnesses. In addition, the Government would incur additional costs to transport the documents and records in New York to Alabama, and may have to pay for the lodging and accommodations for, at least, one Assistant United States Attorney from this district to work with a prosecutor from the Northern District of Alabama. Accordingly, this factor weighs against transfer.

      7.      <u>Location of Counsel</u>

The defendant retained New York counsel for the first trial and has retained New York counsel for the second trial. Accordingly, this factor weighs against transfer.

      8.      <u>Relative Accessibility of Place of Trial</u>

Both the Southern District of New York and the Northern District of Alabama are readily accessible. Accordingly, this factor does not weigh in favor of either party

The Honorable Peter K. Leisure                                                                                          Page 5
July 21, 2008

       9.       Docket Conditions of Each District

The defendant has not met his burden of showing that a judge will be available to preside over the defendant's trial as efficiently and as soon as Your Honor. This Court has set a trial date for this case and, having presided over the first trial, is fully familiar with the case. The Court decided several pre-trial motions and made evidentiary ruling that will likely impact the second trial, and set a motion schedule for the second trial. In addition, the Court already has devoted substantial time and effort in preparing the applicable jury charges and questions for prospective jurors. Any transfer will necessarily delay the proceedings while both an Assistant United States Attorney and a District Court Judge in Alabama familiarize themselves with the case and prepare for trial.

       10.      Other Special Elements

The defendant's delay in seeking transfer after a lengthy trial already has occurred in this district weighs against transfer. The defendant has been tried in this district without seeking a transfer. The interest of justice are not served by transferring a case from a trial judge that is fully familiar with the trial of the case to one that has never even heard about it. Any new judge will be bound by this Court's decisions and rulings, and will have to duplicate the efforts made by this Court to become familiar with the case. This factor weighs heavily against transfer.

## CONCLUSION

Accordingly, the Government respectfully submits that the defendant's motion to transfer this case to the Northern District of Alabama should be denied.

                                            Respectfully submitted,

                                            MICHAEL J. GARCIA
                                            United States Attorney


                        By:      s/ Pablo Quiñones
                                Pablo Quiñones
                                Assistant United States Attorney
                                (212) 637-2487

cc:     David Storobin, Esq.
         Attorney for Jerry L. Broooks