UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

- against -

JERRY BROOKS,

          Defendant.

MEMORANDUM ORDER

08 Cr. 35 (PKL)

**LEISURE, District Judge:**

Defendant Jerry Brooks ("Brooks") moves, pursuant to Federal Rule of Criminal Procedure 21(b), to transfer this action to the Northern District of Alabama. For the reasons set forth below, Brooks's motion is DENIED.

## Background

The Government filed an indictment against Brooks in the Southern District of New York on January 7, 2008.[1] After Judge Sweet denied Brooks's motion to dismiss the indictment,[2] see United States v. Brooks, No. 08 Cr. 35, 2008 U.S. Dist. LEXIS 39782 (S.D.N.Y. May 16, 2008), the trial commenced before this Court on May 27. The jury, which began its deliberations on June 4, could not reach a unanimous verdict, leading to the Court's granting of a mistrial on June 10. On June 27, Brooks

---

[1] The first indictment against Brooks was filed in the Eastern District of New York on March 22, 2007. On August 2, 2007, that indictment was dismissed for improper venue.

[2] Notably, Brooks did not move to transfer the action before his first trial.

1

filed the instant motion, in which he argues that the proceedings should be transferred to the Northern District of Alabama because: (1) underlying events occurred in Alabama; (2) potential witnesses are located in Alabama; (3) it is a financial hardship for Brooks to travel from Alabama; and (4) a transfer will not unreasonably delay the administration of justice because the case could be prosecuted by Assistant United States Attorneys in Alabama.

While the Court presumes familiarity with the underlying facts, a brief summary of the indictment and the first trial is warranted as it relates to Brooks's motion. The Government charges Brooks with eleven counts of making a material false statement to the General Services Administration ("GSA"), in violation of 18 U.S.C. § 1001. Each count of the indictment alleges that Brooks submitted to the GSA a form representing that a particular security guard under his employ, who would ultimately be tasked with providing security to federal buildings in Long Island, New York, "had received specific, contractually-required training when, in fact, Brooks was aware that the security guards had not received the reported training." (Indictment ¶ 7.) Brooks sent these training-certification forms, along with his bid on the underlying contract with GSA, from northern Alabama to GSA's office in New York, New York. At trial, the Government called ten witnesses,

2

seven of whom reside in New York, two of whom reside in Florida, and one of whom resides in Alabama.  Brooks also testified, but did not call any other witnesses.

## Discussion

I. Rule 21(b) Standard

Federal Rule of Criminal Procedure 21(b) provides:

> For Convenience.  Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.

Fed. R. Crim. P. 21(b).  Although the timing of Brooks's motion is atypical, it is nevertheless permissible under Rule 21(d). See Fed. R. Crim. P. 21(d) ("A motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe.").

In accordance with the Supreme Court's decision in Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240 (1964), district courts balance ten factors in determining whether transfer is warranted:  (1) location of defendant; (2) location of potential witnesses; (3) location of events likely to be at issue; (4) location of relevant documents; (5) potential for disruption of defendant's business if transfer is denied; (6) expenses to be incurred by the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) docket

3

conditions in each district; and (10) any other special circumstances that might bear on transfer. 376 U.S. at 243-44; see United States v. Russell; 582 F. Supp. 660, 662 n.2 (S.D.N.Y. 1984) ("While not specifically adopting these factors, the Court implicitly approved them in Platt, and courts have consistently used them ever since."). "No one of these considerations is dispositive, and 'it remains for the court to try to strike a balance and determine which factors are of greatest importance.'" United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990) (quoting United States v. Stephenson, 895 F.2d 867, 875 (2d Cir. 1990)). Indeed, determination of a Rule 21(b) motion is within the sound discretion of the district court. Id. The defendant carries the burden to justify transfer, see United States v. Spy Factory, Inc., 951 F. Supp. 450, 464 (S.D.N.Y. 1997) (Sotomayor, J.), particularly in light of the fact that, "[a]s a general rule a criminal prosecution should be retained in the original district." United States v. U.S. Steel Corp., 233 F. Supp. 154, 157 (S.D.N.Y. 1964) (Weinfeld, J.). On the other hand, "there are circumstances where transfer is appropriate." United States v. Posner, 549 F. Supp. 475, 477 (S.D.N.Y. 1982). The Court now turns to weighing the Platt factors.

4

II.  Platt <u>Factors</u>

   1. **Location of Defendant**

   Brooks lives "within the boundaries of the Northern District of Alabama." (Def.'s Mot., Facts ¶ 4.)  While a defendant's residence "has no independent significance," <u>Platt</u>, 376 U.S. at 245, "as a matter of 'policy' courts should, 'wherever possible,' try defendants 'where they reside.'" <u>Spy Factory, Inc.</u>, 951 F. Supp. at 456 (quoting <u>Russell</u>, 582 F. Supp. at 662).  Therefore, this factor weighs in favor of transfer of venue, absent other countervailing considerations.

   2. **Location of Witnesses**

   According to Brooks, it is a hardship "to bring witnesses -- eye-witnesses, expert witnesses and character witnesses -- from Alabama where his bid for the government contract was prepared." (Def.'s Mot., Legal Argument ¶ 4.)  Generally, a defendant is required to give "specific examples of witnesses' testimony and their inability to testify because of the location of the trial." <u>Spy Factory, Inc.</u>, 951 F. Supp. at 456 (internal quotation marks omitted).  Thus, Brooks's bare assertion is insufficient to tip this <u>Platt</u> factor in his favor.  Moreover, the Court is in a unique position to assess Brooks's argument having already tried the case once.  In the first trial, Brooks called no witnesses besides himself, whereas seven of the Government's ten witnesses resided in New York, and just one in

5

Alabama. The Government anticipates calling additional witnesses at the second trial who also reside in New York. Accordingly, this factor weighs against transfer.

### 3. Location of Events

The indictment in this case alleges that Brooks made false statements to the GSA. Brooks made the statements in Alabama, which is the extent of the underlying activity there. He then sent the statements to the GSA in Manhattan. The subject matter of those statements was related to New York, namely where the guards were to be trained and which federal facilities were to be guarded. Further, Brooks indicated during the first trial that, in making decisions concerning the contract with GSA, he relied upon his manager in New York. In sum, this factor militates against transfer.

### 4. Location of Documents

There is no reason to believe that any significant documents are located exclusively in Alabama. And as the Government states in its opposition, "any additional documents identified by the defendant that are located in Alabama could be easily copied and sent to New York." (Govt.'s Opp. at 4.) Similarly, however, any documents in New York could easily be sent to Alabama. Because "[t]he location of documents and records is not a major concern in these days of easy and rapid

6

transportation," Posner, 549 F. Supp. at 478, this is a neutral factor.

### 5. Disruption of Defendant's Business

The Court is unaware of the nature of Brooks's current business and whether a trial in New York would disrupt that business. Brooks merely states that "[i]t is a hardship for the defendant to travel to New York," (Def.'s Mot., Legal Argument ¶ 3), which ostensibly implicates the next Platt factor as well. This factor does not weigh in favor of transferring venue because Brooks has "not supplied the Court with any facts indicating how [his] business[], job[], or career[] would be disrupted by trial in this district." United States v. Guastella, 90 F. Supp. 2d 335, 340 (S.D.N.Y. 2000) (deeming this Platt factor unhelpful to defendants where they failed to specify the impact on their businesses).

### 6. Expenses to Parties

This factor seemingly is the crux of Brooks's motion to transfer. While the Court is sensitive to the travel costs Brooks must incur as a result of this prosecution, it is also mindful of Judge Weinfeld's approach to Rule 21(b) motions:

> [E]very litigation, particularly a criminal prosecution, imposes burdens upon a defendant and brings in its wake dislocation from normal occupational and personal activities. . . . But mere inconvenience, interference with one's routine occupation and personal activities, and other incidental burdens which

7

>           normally follow when one is called upon to
>           resist a serious charge do not ipso facto make
>           the necessary showing that a transfer is
>           required in the interest of justice. . . .

U.S. Steel Corp., 233 F. Supp. at 157. Without more specific financial information, Brooks's claim of hardship appears to be nothing more than "mere inconvenience" and "interference with . . . routine." Id. The expense to the Government would include travel expenses of at least seven witnesses and one Assistant United States Attorney from this district, who might be needed to bring a prosecutor in the Northern District of Alabama up to speed. On balance, this factor weighs against transfer.

### 7. Location of Counsel

The location of counsel in this case does not weigh in favor of transfer. In the first trial, Brooks retained counsel from New York and Pennsylvania. Brooks's new counsel is also from New York.

### 8. Relative Accessibility

"The efficiency of modern air transportation renders rather sterile any argument based upon differences in distances from the respective courthouses." Id. at 158. This is, thus, a neutral factor.

### 9. Docket Conditions

Having already tried this case, the Court is familiar with the underlying facts and has already made evidentiary rulings and prepared voir dire and the jury charge. Moreover, the

8

second trial is scheduled to begin on September 8, 2008. Even assuming that the docket condition of the Northern District of Alabama is favorable to holding trial there, "a transfer . . . will inevitably necessitate a delay in the impending trial date, if for no other reason than that the local assistant United States attorneys as well as the local judge would have to prepare themselves for the trial of this case." Spy Factory, Inc., 951 F. Supp. at 460. Accordingly, this factor weighs against transfer.

10. **Special Circumstances**

The Court gives significant weight to a special element present here, namely Brooks's "inexcusable delay" in bringing this motion. Id. at 462. The Second Circuit has frowned upon motions to transfer venue brought "on the eve of the court's setting a date for trial." Maldonado-Rivera, 922 F.2d at 966; see United States v. Keuylian, 602 F.2d 1033, 1038 (2d Cir. 1979) (finding the "most important" factor in denying transfer to be defendant's delay in so moving); see also Spy Factory, Inc., 951 F. Supp. at 463 (holding that transfer at a late stage in the proceedings "does not comport with the efficient or fair administration of justice"). Here, not only has the Court set a trial date, but it has already held an entire trial. In that light, transfer is not in the interest of justice.

## Conclusion

After careful consideration of the Platt factors, the Court concludes that Brooks has failed to show that the interest of justice requires these proceedings to be transferred. Accordingly, Brooks's Rule 21(b) motion is DENIED. The parties are ORDERED to appear before this Court at 500 Pearl Street, Courtroom 18B for a status conference on August 20, 2008 at 10:30 a.m. and for trial on September 8, 2008 at 9:30 a.m.

SO ORDERED.

New York, New York
July 31, 2008

　　　　　　　　　　　　　　　　　　　　　／s/ Peter K. Leisure
　　　　　　　　　　　　　　　　　　　　　U.S.D.J.